**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Case No. 22-03125-01-CR-S-MDH |
| | ) | |
| **Plaintiff,** | ) | Springfield, Missouri |
| | ) | November 1, 2022 |
| **v.** | ) | |
| | ) | |
| **ROGERIC HANKINS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**TRANSCRIPT OF HEARING ON WAIVER OF INDICTMENT,
INITIAL APPEARANCE, FILING OF INFORMATION AND PLEA
BEFORE THE HONORABLE DAVID P. RUSH
CHIEF UNITED STATES MAGISTRATE JUDGE**

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | Ms. Laura Gilson |
| | US Dept. of Justice, Civil Rights |
| | 950 Pennsylvania Ave. NW |
| | PH 5116 |
| | Washington, D.C. 20590 |
| | (202) 532-5158 |
| For the Defendant: | Mr. Ian A. Lewis |
| | Mr. Paul Duchscherer |
| | Federal Public Defender's Office |
| | 901 E. St. Louis Street, Ste. 801 |
| | Springfield, MO 65806 |
| | (417) 873-9022 |
| Court Audio Operator: | Ms. Karla Berziel |
| Transcribed by: | Rapid Transcript |
| | Lissa C. Whittaker |
| | 1001 West 65th Street |
| | Kansas City, MO 64113 |
| | (816) 914-3613 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1    (Court in Session at 9: a.m.)

2    THE COURT: Calling in *United States vs. Rogeric*
3    *Hankins*. The defendant appears in person, along with his
4    attorney, Mr. Paul Duchscherer and Mr. Ian Lewis. The United
5    States appears by Laura Gibson. Your title again, Ms. Gibson?

6    MS. GILSON: Your Honor, it's actually Gilson. And I'm
7    a trial attorney with the U.S. Department of Justice for the
8    Criminal Section of the Civil Rights Division.

9    THE COURT: I'm sorry. I wrote that down incorrectly.
10   And this matter is set this morning -- thank you -- for a Waiver
11   of an Indictment, the filing of a one-count Information and then
12   a plea to that Information, pursuant to a written Plea Agreement.
13   Mr. Hankins, have you seen the Information that the United States
14   proposes to file in your case?

15   MR. HANKINS: Yes, sir.

16   THE COURT: Do you understand that because the maximum
17   penalty contained in that Information exceeds one year, that you
18   have an absolute right to have that matter presented to a federal
19   Grand Jury?

20   MR. HANKINS: Yes, sir.

21   THE COURT: Now, I know that you and your attorney have
22   signed a Waiver of an Indictment, but I'm going to briefly
23   describe for you the Grand Jury process, and then I'll ask two
24   follow-up questions in relation to the waiver that you've signed.
25   A Grand Jury would consist of not more than 23 persons and not

less than 16 persons, and they would listen to the evidence presented by the United States. If not satisfied with the scope of that evidence, they could subpoena evidence themselves. And if, after hearing it all, 12 or more found probable cause to believe that this offense had been committed and that you committed it, then they would return an indictment and that would be the charge against you. If they did not -- 12 or more did not find probable cause, this charge could not be filed. The only way that the United States can file this Information without going through the Grand Jury process, as I've just described to you, is with your informed knowledge and consent. Do you understand your right to have this matter presented to a federal Grand Jury?

MR. HANKINS: Yes, sir.

THE COURT: And is it your desire to give up that right, understanding that that will allow the United States to file this Information?

MR. HANKINS: Yes, sir.

THE COURT: I am also signing the Waiver of an Indictment, finding that the Waiver has been made with the defendant's informed knowledge and consent. The record should reflect that the Information has been filed with the court. Mr. Hankins, you have also signed a consent to have these proceedings for a plea of guilty before a Magistrate Judge, with the understanding that a United States District Judge, a judge of

1 higher jurisdiction, will keep your case for acceptance of the
2 plea of guilty and sentencing.  Even though you've signed this
3 consent, you have a right, if you wish, to appear before a United
4 States District Judge, a judge of higher jurisdiction.  At any
5 appearance before the District Judge, you are presumed innocent
6 until such time, if ever, as the United States establishes your
7 guilt beyond a reasonable doubt to the satisfaction of the judge
8 or jury.  You always have a right to be present and to confront
9 and cross-examine witnesses.  You have a right to use the power
10 of the court to subpoena evidence on your behalf.  And you have a
11 right to testify or not testify, as you would choose.  And if you
12 chose not to testify, it would not be held against you because
13 that is your right.  If, after understanding the charge against
14 you, the range of punishment, if convicted, and your right to
15 appear before a District Judge, if you wish, you may waive or
16 give up that right and proceed this morning before the Magistrate
17 Judge.  As I indicated, you have signed such a consent.  Do you
18 understand that you have a right to appear before a United States
19 District Judge, a judge of higher jurisdiction, for these
20 proceedings?
21        MR. HANKINS:  Yes, sir.
22        THE COURT:  And is it your desire to give up that right
23 and proceed this morning before the Magistrate Judge?
24        MR. HANKINS:  Yes, sir.
25        THE COURT:  Do you understand the charge against you in

1 the Information that's been filed in this case?

2     MR. HANKINS: Yes, sir.

3     THE COURT: Do you understand that if convicted of the
4 charge in the Information, that the maximum penalty the court may
5 impose is not more than ten years' imprisonment, not more than a
6 $250,000 fine, not more than three years' supervised release, an
7 order of restitution, and a $100 mandatory special assessment?

8     MR. HANKINS: Yes, sir.

9     THE COURT: To the charge in the Information, how do you
10 wish to plead, guilty or not guilty?

11     (Off Record: Attorney-Client Discussion)

12     MR. HANKINS: Oh, guilty. Yeah.

13     THE COURT: And, Mr. Hankins, I hear you just fine. The
14 hearing is being recorded, and there will be a transcript made of
15 this hearing. And sometimes our transcriptionist has difficulty
16 picking up. You need to speak up just a little bit.

17     MR. HANKINS: Yes, sir.

18     THE COURT: And that would be great. Again, I hear you
19 fine, even though my family accuses me of not being able to hear.
20 But my courtroom deputy, she's monitoring it, and she told me
21 that the volume on your end needs to come up a little bit. Okay?

22     MR. HANKINS: Yes, sir.

23     THE COURT: All right. Thank you. Would you please
24 raise your right hand?

25     ROGERIC HANKINS, DEFENDANT, SWORN

1 THE COURT: Has anyone made any threat of any kind to
2 force you to plead guilty or give up any of the other rights
3 we've discussed this morning?

4 MR. HANKINS: No, sir.

5 THE COURT: You have signed a Plea Agreement. Have you
6 read that Plea Agreement and gone over it with your attorney, Mr.
7 Duchscherer?

8 MR. HANKINS: Yes, sir.

9 THE COURT: Do you understand what's contained in the
10 Plea Agreement?

11 MR. HANKINS: Yes, sir.

12 THE COURT: Other than what is contained in the Plea
13 Agreement, has anyone made any promise of any kind to induce you
14 or overcome your will to get you to plead guilty or give up any
15 of the other rights we've discussed?

16 MR. HANKINS: No, sir.

17 THE COURT: I mentioned to you that there was a
18 supervised release term of not more than three years that could
19 be imposed in your case. Do you understand that if that term of
20 supervised release were imposed and then revoked for any reason,
21 that you could be required to serve an additional term of
22 imprisonment of not more than two years, and if that happened,
23 you would receive no credit for any other time you'd spent either
24 in custody or on release?

25 MR. HANKINS: Yes, sir.

7

1   THE COURT: Do you understand that the court could then
2 impose an additional term of supervised release, which is
3 governed by the maximum of the statute, minus any time you'd
4 spent in custody as a result of a violation?
5   MR. HANKINS: Yes, sir.
6   THE COURT: Do you understand that from a sentence
7 imposed in your case that there is no parole?
8   MR. HANKINS: Yes, sir.
9   THE COURT: Do you understand that there are Sentencing
10 Guidelines to which the District Judge or the sentencing judge
11 would refer to in an advisory capacity when attempting to fashion
12 a reasonable sentence in your case?
13   MR. HANKINS: Yes, sir.
14   THE COURT: There are Sentencing Guideline calculations
15 in your Plea Agreement. Have you discussed the Sentencing
16 Guidelines with Mr. Duchscherer?
17   MR. HANKINS: Yes, sir.
18   THE COURT: And do you understand them?
19   MR. HANKINS: Yes, sir.
20   THE COURT: Do you understand that the final decision as
21 to how the guidelines are calculated and ultimately what sentence
22 will be imposed rests with the District Judge?
23   MR. HANKINS: Yes, sir.
24   THE COURT: If the District Judge would calculate the
25 guidelines differently from what is in the Plea Agreement and

1  what you've discussed with your attorney, that fact would not
2  give you the right to withdraw or change your plea of guilty.  Do
3  you understand that?
4          MR. HANKINS:  Yes, sir.
5          THE COURT:  Once the District Judge establishes the
6  advisory guideline range, in some circumstances, you could be
7  sentenced above that range, and in other circumstances, you could
8  be sentenced below that range.  And again, the judge's decision,
9  if you disagreed, would not give you the right to withdraw your
10 plea of guilty.  Do you understand that?
11         MR. HANKINS:  Yes, sir.
12         THE COURT:  Now, Mr. Hankins, you have a right to a
13 trial by jury with all the protections that I explained to you at
14 the beginning of these proceedings.  Do you understand your right
15 to a trial by jury?
16         MR. HANKINS:  Yes, sir.
17         THE COURT:  And do you understand that if the court
18 accepts your plea of guilty, that there won't be a trial?
19         MR. HANKINS:  Yes, sir.
20         THE COURT:  Now, I'm going to ask you about the offense
21 charged in the Information.  I would remind you that you are
22 under oath.  You must answer truthfully.  Any false answers could
23 result in charges of false swearing or perjury.  You always have
24 the right to remain silent.  And I want to refer you to your plea
25 bargain agreement on page 2, Paragraph 3, which is entitled in

bold **Factual Basis for Guilty Plea**. That takes up the remainder of page 2 and then the entirety of page 3. Have you read Paragraph 3 and gone over it with Mr. Duchscherer?

MR. HANKINS: Yes, sir.

THE COURT: Are the statements contained in Section 3 true?

MR. HANKINS: Yes, sir.

THE COURT: Mr. Duchscherer, you've had access to the Government's discovery file in this case, have you not?

MR. DUCHSCHERER: I have, Your Honor.

THE COURT: And based upon your review of the discovery file, are you satisfied, if put to proof, that the United States could make a submissible case as to all the elements pertaining to the Information as set forth in Section 3 of the Plea Agreement?

MR. DUCHSCHERER: Yes, Your Honor.

THE COURT: There is an adequate factual basis for the plea of guilty to the Information. I find that the defendant's plea is voluntary and did not result from force, threats or promises, other than those set forth in the Plea Agreement. Mr. Hankins, you are represented in this case by Mr. Duchscherer. And, Mr. Lewis, have you also assisted in this case?

MR. LEWIS: I have, Your Honor.

THE COURT: All right. Have you had enough time to talk with both attorneys about your case?

10

1         MR. HANKINS: Yes, sir.

2         THE COURT: Are you satisfied with the advice that
3 they've given you?

4         MR. HANKINS: Yes, sir.

5         THE COURT: The law requires me to ask you if this
6 morning you are on any medication prescribed by a physician or
7 any drugs or alcohol of any kind which would affect your ability
8 to understand what we're doing?

9         MR. HANKINS: No, sir, I'm not, no.

10        THE COURT: The plea bargain agreement that you've
11 signed also contains what we refer to as an appeal waiver. It
12 can be found on page 11 at the top of the page, Paragraph 15,
13 which is entitled in bold **Waiver of Appellate and Post-Conviction**
14 **Rights**. And I'm going to be referring initially directly to the
15 language in subparagraphs (a) and (b) of Paragraph 15, and then
16 we'll also briefly discuss Paragraph 9(c). Subparagraphs (a) and
17 (b) provide that you acknowledge, understand and agree that by
18 pleading guilty pursuant to the Plea Agreement that you waive
19 your right to appeal now or collaterally attack later a finding
20 of guilt following the acceptance of the Plea Agreement, except
21 on grounds of ineffective assistance of counsel or prosecutorial
22 misconduct. That you expressly waive your right to appeal your
23 sentence directly now or collaterally later on any ground, except
24 claims of ineffective assistance of counsel, prosecutorial
25 misconduct or an illegal sentence. An illegal sentence includes

a sentence imposed in excess of the statutory maximum but does not include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion or the imposition of an unreasonable sentence. However, if the United States exercised its right to appeal, you would be released from the appeal waiver and could appeal as allowed by law. And then also in subparagraph (c), it indicates that you waive any right to challenge the constitutionality of the statute to which you're pleading guilty, and that you waive any and all claims that the statement of facts provided herein is insufficient to support your guilty plea. Do you understand that by signing this Plea Agreement that you've given up those rights to appeal as set forth in Paragraph 15?

MR. HANKINS: Yes, sir.

THE COURT: Understanding that and the other matters that we've discussed this morning, is it your desire for the court to accept the plea of guilty?

MR. HANKINS: Yes, sir.

THE COURT: Ms. Gilson, on behalf of the United States, do you have any other record under Rule 11 that you think I need to make?

MS. GILSON: I do not, Your Honor.

THE COURT: And, Mr. Duchscherer, on behalf of the defendant, do you have any other record under Rule 11 that you think I need to make?

1          MR. DUCHSCHERER: I do not.

2          THE COURT: I will recommend the plea of guilty be
3 accepted, and I will order a Presentence Investigation to be
4 conducted by the Probation Office. Mr. Hankins, there's been no
5 request by the United States for detention in this matter, is
6 that correct, Ms. Gilson?

7          MS. GILSON: That is correct, Your Honor.

8          THE COURT: Therefore, I have prepared a bond and order
9 setting conditions of release, which you've reviewed with
10 Pretrial Services. You went over them with the Pretrial Services
11 Officer, and you have signed them. Do you understand the
12 conditions of your release and the penalties should you violate
13 any or fail to appear?

14          MR. HANKINS: Yes, sir.

15          THE COURT: Do you agree to abide by these conditions?

16          MR. HANKINS: Yes, sir.

17          THE COURT: I will order you released on these
18 conditions. Your next appearance would appear to be in front of
19 Judge Harpool for sentencing. You know, Mr. Hankins, this is a
20 very, very serious charge, and I'll be frank with you that if
21 they were to move to detain, I would have detained you.

22          MR. HANKINS: Yes, sir.

23          THE COURT: It's very troubling to read what your
24 actions were in this case. That being said, I hope that whatever
25 drove you to do what you did, I hope that you seek forgiveness

13

1  and that you get on a different path. The path you were on, the
2  life you were living when this act occurred, is going to lead --
3  has led you to where you are today, and it's going to lead you
4  into a life of, I think, just misery. You need to get on a
5  different path in life. And you can do that. As much as this
6  may be offensive to read, there's nobody in this room that we've
7  all the things that we need grace and forgiveness for. And so, I
8  hope you'll get on that different path in life. Otherwise,
9  you're going to be in and out of the criminal justice system.
10 And I can promise that getting on that different path will lead
11 to a more fulfilling and meaningful life. So, as much as it's
12 troubling, I have things in my background that I wouldn't want
13 people to know that are troubling. You know, they don't --
14 people don't see my heart, and they don't know everything I've
15 done. So, I hope you can -- you can find redemption, and you can
16 -- that you can just be a productive citizen and then put this
17 behind you. So, good luck to you.
18          MR. HANKINS: Thank you, sir.
19          THE COURT: Is there anything further from either side?
20          MS. GILSON: No, Your Honor.
21          MR. DUCHSCHERER: No, Your Honor. Thank you.
22          THE COURT: All right. Thank you. With that, we'll be
23 adjourned.
24                  (Court Adjourned at 9:22 a.m.)
25

14

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

<u>/s/ Lissa C. Whittaker</u>     <u>November 2, 2022</u>
Signature of transcriber              Date