IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-03125-01-CR-S-MDH |
| ) | |
| ROGERIC HANKINS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's *Pro Se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). Defendant was sentenced to 108 months imprisonment following a guilty plea for a felony violation of 18 U.S.C. § 242, Deprivation of Rights Under Color of Law. Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously-imposed sentence for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C.A. § 3582. In 2023, the Sentencing Commission promulgated Amendment 821, which, in relevant part, allows for a reduction in offense level for certain offenders who lack criminal history points at the time of sentencing. USSG § 4C1.1. As the Government points out, however, Defendant is ineligible for modification under Amendment 821 because his conviction falls under § 2H1.1, offenses involving individual rights, which are specifically excluded from eligibility under § 4C1.1. Further, even if Defendant were eligible for reduction, application of § 4C1.1 does not impact Defendant's guidelines range. For these reasons, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: July 23, 2024                              */s/ Douglas Harpool*
                                                  **DOUGLAS HARPOOL**
                                                  **UNITED STATES DISTRICT JUDGE**